UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARDO DEJESUS,

      Petitioner,

– against –

UNITED STATES OF AMERICA,

      Respondent.

**OPINION & ORDER**

16 Civ. 5090 (ER)
14 Cr. 83 (ER)

RAMOS, D.J.:

  Eduardo DeJesus pleaded guilty in May 2014 to one count of conspiring to rob a large quantity of drugs from a group of drug dealers in violation of the Hobbs Act, 18 U.S.C. § 1951, and to one count of possessing a firearm during that conspiracy in violation of 18 U.S.C. § 924(c).  Proceeding *pro se*, he now moves the Court to vacate the Section 924(c) charge because recent developments in the law have prevented a Hobbs Act conspiracy from serving as a predicate for that crime.  Although the Second Circuit has recently determined that a Hobbs Act robbery conspiracy cannot be a predicate crime of violence for a Section 924(c) charge, the Court finds that the underlying narcotics trafficking conspiracy provides a sufficient independent predicate act.  DeJesus' petition is DENIED.[1]

**I.**   **BACKGROUND**

  On February 6, 2014, a grand jury returned a four-count indictment against DeJesus and several co-conspirators.  No. 14 Cr. 83 (ER), Doc. 21.  Count One alleged a conspiracy to "distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(10)."  Count Two alleged a conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951.  Count Three alleged that DeJesus and

---

[1] DeJesus filed this petition while incarcerated.  Although he has since been released from federal custody, he remains on supervised release.  He therefore has standing to bring this petition.  *See United States v. Wiltshire*, 772 F.3d 976, 979 (2d Cir. 2014).

his co-conspirators possessed firearms "during and in relation to a drug trafficking crime . . . namely, the narcotics conspiracy charged in Count One, and during and in relation to a crime of violence . . . namely, the robbery conspiracy charged in Count Two . . . ." DeJesus was not charged in Count Four.

DeJesus entered a plea of guilty to Counts Two and Three before this Court on May 20, 2014.  In advance of that plea hearing, DeJesus and his counsel signed a plea agreement[2] dated May 5, 2014 that described Count Three as follows:

> Count Three charges the defendant with, during and in relation to a narcotics crime or a crime of violence . . ., using, carrying, and possessing a firearm, and aiding and abetting the use, carrying, and possession of a firearm in violation of [18 U.S.C. § 924(c)].

At the plea allocution, several parties described the counts of the Indictment and the offense conduct.  First, the Court described Count Three, mentioning a narcotics crime as a predicate act:

> [D]o you understand that you are charged in Count Three of the Indictment with using, carrying and possessing a firearm, and aiding and abetting the use of and carrying and possessing a firearm during and in relation to a narcotics crime or a crime of violence?

Tr. of Plea Allocution of Eduardo DeJesus ("Plea Tr.") 8:16–18, No. 14 Cr. 83 (May 20, 2014), Doc. 34.  The Government next described the elements of Count Three, although it only mentioned robbery as a predicate act:

> [T]he elements are that Mr. DeJesus committed a crime of violence for which he might be prosecuted in a court of the United States, to wit, in this case the conspiracy to commit the Hobbs Act robbery that I just described that is charged in Count Two; that he knowingly used or carried a firearm during and in relation to the commission of or knowingly possessed a firearm in furtherance of the Hobbs Act conspiracy that I just described.

---

[2] The plea agreement also included a waiver of appeal if the sentence imposed was within or below the applicable U.S. Sentencing Guidelines range.  Although the sentence imposed was below the Guidelines range, the Government does not rely upon the appeal waiver in its opposition to DeJesus' petition.

2

Plea Tr. 9:6–14.  The Government then indicated that it expected to prove at trial that DeJesus conspired to rob a large quantity of narcotics from a group of drug dealers and that DeJesus carried a firearm during this conspiracy:

> [T]he government would expect to prove that Mr. DeJesus was a member of a conspiracy that lasted from approximately October 2013 to January 2014.  The purpose of the conspiracy was to steal drugs — about 22 kilograms of cocaine and 6 kilograms of heroin — from drug dealers, that the members of the conspiracy carried weapons that were to be used in connection with that robbery of the drugs, and that the conspiracy to commit the robbery was to be carried out in the Southern District of New York.

Plea Tr. 19:4–13.  Finally, DeJesus himself made the following statement, describing what he had done:

> In January 2014, I agreed with others to commit a robbery in Manhattan.  I believed that the intended victim was a drug dealer, and the plan was to steal drugs.  We drove to the place where the robbery was going to take place[,] and I knew at the time there was a gun in the car.  I also knew what I was doing was wrong and against the law.

Plea Tr. 20:12–17.  Based on these representations, the Government and DeJesus' counsel agreed that there was a factual basis for his plea to Counts Two and Three.  Plea Tr. 21:10–15.  The Court accordingly accepted DeJesus' guilty plea to both counts.  Plea Tr. 22:20–23:2.

In advance of his sentencing, the U.S. Probation Department produced a Presentence Investigation Report dated August 29, 2014, which described the offense conduct for which DeJesus would be sentenced.  In paragraph 18 of the report, Probation indicated that DeJesus' co-conspirators "offered to sell [a cooperating witness'] portion of the stolen drugs for him."  Neither DeJesus nor his counsel objected to this paragraph.

At a hearing on October 9, 2014, the Court imposed a sentence of 80 months' imprisonment, followed by three years of supervised release.  Tr. of Sentencing Hr'g ("Sentencing Tr.") 12:18–23, No. 14 Cr. 83 (Oct. 9, 2014), Doc. 68.  The Court justified its sentence in part by noting "[O]bviously[,] this was a very serious offense.  The purpose

was to rob an immense quantity of narcotics[—]cocaine and heroin. Both you and your co-conspirators had at your disposal very powerful weapons of high caliber." Sentencing Tr. 14:22–15:1. That same day, the Court entered judgment, adjudicating DeJesus guilty of one count of "Conspiracy to Commit Robbery" and of one count of "Possession of a Firearm During a Narcotic Trafficking Offense and Crime of Violence." No. 14 Cr. 83, Doc. 50. The Court dismissed Count One.

## II.  DEJESUS' PETITION

Section 924(c)(1)(A) forbids using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." The Second Circuit, in *United States v. Barrett*, recently held that conspiracy to commit Hobbs Act robbery is not a crime of violence and thus cannot be a predict offense for a § 924(c) charge. *See* 937 F.3d 126, 130 (2d Cir. 2019) (applying *United States v. Davis*, — U.S. — , 139 S. Ct. 2319 (2019)). Therefore, DeJesus's sentence under Section 924(c) may stand only if it was also predicated on a drug trafficking crime, which is defined as a "felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . ." § 924(c)(2). The Court finds it was, through the conduct charged in the dismissed Count One — conspiring to commit an offense in violation of Section 401 of the Controlled Substances Act, 18 U.S.C. § 841 — even though that count was dismissed. "[Section] 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015).[3]

---

[3] In making this determination, the Court may rely upon DeJesus' statement at his plea allocution, proffers by the Government at the same hearing, information contained within the plea agreement, and findings made in the Presentence Investigation Report. *See, e.g.*, *Morgan v. United States*, Nos. 12 Cr. 464, 16 Civ. 5410 (PAC), 2020 WL 1699995, at *1–2 (S.D.N.Y. Apr. 8, 2020) (examining plea allocution, Government proffer, and plea agreement in deciding predicate offense supporting § 924(c) conviction); *Paulino v. United States*, 964 F. Supp. 119, 121–23 (S.D.N.Y. 1997) (examining plea allocution, Government proffer, plea agreement, and Presentence Investigation Report in deciding alternative basis for conviction); *Ramirez v. United States*, Nos. 96 Civ. 2090, 2702, 2733 (LBS), 1997 WL 538817, at *1–3 (S.D.N.Y. Aug. 29, 1997) (examining allocution, Presentence Investigation Report, and post-conviction evidentiary hearing).

*First*, DeJesus explicitly pleaded guilty to a Section 924(c) offense predicated on narcotics trafficking.  The Indictment and Judgment of Conviction both labeled Count Three as "Possession of a Firearm During a Crime of Violence *and Drug Trafficking Offense*."  Furthermore, the Indictment identified the "narcotics conspiracy charged in Count One" as a predicate offense for Count Three, and the May 5, 2014 plea agreement describes a narcotics conspiracy as a predicate offense for Count Three, as well.

*Second*, there is "legally sufficient proof" of the narcotics conspiracy.  *Johnson*, 779 F.3d at 129.  At his plea, DeJesus admitted to conspiring to rob drugs from a group of drug dealers.  As the Presentence Investigation Report detailed, DeJesus' co-conspirators planned to sell at least some of the proceeds.  The Government proffered that the conspiracy to rob the drug dealers was aimed at nearly 30 kilograms of heroin and cocaine.  As the Court noted at DeJesus' sentencing hearing, this was an "immense quantity of narcotics."  Indeed, if possession of less than 1 kilogram of cocaine is sufficient evidence to support a charge of narcotics trafficking, *see, e.g.*, *United States v. Muhammad*, 520 F. App'x 31, 39 (2d Cir. 2013), then the amount of narcotics targeted by DeJesus and his co-conspirators more than suffices to support narcotics trafficking as a predicate offense here.

### III.   CONCLUSION

For these reasons, the Court finds that DeJesus pleaded guilty to possessing a firearm during and in relation to a narcotics crime.  Therefore, his sentence was imposed in a lawful manner, and DeJesus' petition is DENIED.  The Clerk of Court is respectfully

directed to terminate the motion, Doc. 164 in No. 14 Cr. 83, and close the civil case, No. 16 Civ. 5090.

It is SO ORDERED.

Dated:   May 4, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

Copies Mailed/Faxed
Chambers of Edgardo Ramos